IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RACHEL COLLINS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:22-cv-00646 |
| | ) |
| JILL RATHERT, MATTHEW | )    JUDGE CAMPBELL |
| CAMPBELL, JONATHAN | )    MAGISTRATE JUDGE FRENSLEY |
| BLAYNEY, TONI M. STOCKTON, | ) |
| and CRAIG GARTON, | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM

Pending before the Court is Defendants' Motion to Vacate (Doc. No. 33) and Plaintiff's Response (Doc. No. 34). For the reasons that follow, the Motion will be **GRANTED**.

### I.    BACKGROUND

On August 22, 2022, Plaintiff Rachel Collins initiated this action against Jill Rathert, Matthew Campbell, Jonathan Blayney, Toni M. Stockton, and Craig Garton. (Compl., Doc. No. 1).[1] As detailed in the Complaint, Plaintiff claims that "one or more of the Defendants hacked Plaintiff's Facebook Account, modified the Account and copied the information contained in the Account" and then "transmitted the information obtained from Plaintiff's Facebook account to third parties." (*Id*., ¶ 15). The Complaint brings claims for violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), violation of the Stored Communications Act, 18 U.S.C. § 2701,

---

[1]    Defendant Toni M. Stockton has not been served. No counsel has entered an appearance on her behalf and she has not participated in the case. For ease of reference, the Court's use of the term "Defendants" refers to the defendants who have been served – Jill Rathert, Matthew Campbell, Jonathan Blayney, and Craig Garton.

violation of the Tennessee Personal and Commercial Computer Act, Tenn. Code Ann. § 39-14-602(a), negligent infliction of emotional distress, and civil conspiracy. (Doc. No. 1).

On December 6, 2022, Defendants filed a motion to dismiss, accompanied by affidavits from each of the Defendants. (Doc. Nos. 25, 26-1, 26-2, 26-3, 26-4). Plaintiff requested an extension of time to respond to the motion, arguing that because the Defendants' motion presented matters outside the pleadings it must be treated as one for summary judgment under Federal Rule of Civil Procedure 56.[2] (Doc. No. 29). The Court ordered that it would treat the motion to dismiss as one for summary judgment under Rules 12(d) and 56, and granted Plaintiff's motion for extension of time "[t]o allow Plaintiff sufficient time to respond and present material pertinent to the motion." (Doc. No. 30).

Plaintiff did not file a response to the motion to dismiss. Instead, on January 6, 2023, she filed a Notice of Voluntary Dismissal (Doc. No. 31), and the Court subsequently dismissed the case pursuant to Rule 41(a)(1)(A)(i). (Doc. No. 32). Now before the Court is Defendants' motion to vacate the Court's Order dismissing the case and Plaintiff's Notice of Voluntary Dismissal. (Doc. No. 33).

Defendants contend Plaintiff may not voluntarily dismiss this action without a court order because Defendants' motion titled "Motion and Petition to Dismiss" was effectively a motion for summary judgment. Defendants also argue that dismissal under Rule 41 was improper because the motion to dismiss included a petition for relief under the Tennessee Public Participation Act ("TPPA"), which is considered a counterclaim under the Tennessee Rules of Civil Procedure. (*See* Doc. No. 34 at 7).

---

[2] All subsequent references to "Rule" are to the Federal Rules of Civil Procedure.

## II. STANDARD OF REVIEW

Under Rule 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding for the following reasons: [ ] mistake, inadvertence, surprise, or excusable neglect …" *See Kemp v. United States*, 142 S. Ct. 1856, 1862 (2022) (holding that "mistake" under Fed. R. Civ. P. 60(b)(1), includes legal errors made by the court).

## III. ANALYSIS

The Court dismissed this action under Rule 41(a)(1)(A)(i) pursuant to Plaintiff's Voluntary Notice of Dismissal. (Doc. No. 32). The relevant part of Rule 41 provides that a Plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." When a plaintiff files a notice of voluntary dismissal before the defendant files an answer or a motion for summary judgment, the "notice of dismissal is self-effectuating, leaving no basis upon which a District Court can prevent such a dismissal." *Aamot v. Kassel*, 1 F.3d 441 (6th Cir. 1993).

Defendants contend that their "Motion and Petition to Dismiss" was a motion for summary judgment and that voluntary dismissal under Rule 41(a)(1)(A)(i) was improper. (See Doc. No. 34). Plaintiff responds that no motion for summary judgment had been filed, therefore she had the right to voluntarily dismiss the action without a court order. (*See* Doc. No. 35).

Here, Defendants did not file an answer or a motion for summary judgment. Instead, they filed a "Motion and Petition to Dismiss" with supporting evidence. (*See* Doc. Nos. 25, 26). The motion itself has no suggestion of summary judgment. (*See* Doc. No. 25). However, in the memorandum of law, Defendants acknowledge that they have filed matters outside the pleadings for the Court's consideration and that if the Court considers these materials, the motion must be

treated as one for summary judgment under Rule 56. (*See* Doc. No. 26 at 7). Based on this portion of their memorandum, Defendants argue that the motion, which is entitled "Motion and Petition to Dismiss," is effectively a motion for summary judgment which precludes Plaintiff's voluntary dismissal.

Under Rule 12(d), "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." However, the filing of a motion to dismiss with materials outside the pleadings does not automatically convert the motion to dismiss to one for summary judgment. The Sixth Circuit is clear that a defendant cannot "abridge a plaintiff's right to voluntarily dismiss [her] action without prejudice" "merely by appending to his Rule 12(b)(6) motion materials 'outside the scope of the pleadings.'" *Aamot*, 1 F.3d at 444. The decision to consider matters outside the pleadings and thereby treat the motion as one for summary judgment is for the Court, not the parties. "[T]he clear language of Rule 12(b), which permits a 12(b)(6) motion accompanied by extraneous materials to be treated as a motion for summary judgment is directed, not at the parties, but at the court; conversion takes place at the discretion of the court, and at the time the court affirmatively decides not to exclude the extraneous matters." *Id.* at 444-45.

Accordingly, the fact that Defendants included outside materials with the motion to dismiss and identified the Rule under which the Court could consider these materials, does not itself transform the motion to dismiss to a motion for summary judgment. Similarly, Plaintiff's acknowledgement that Defendants filed matters outside the pleadings does not convert the motion to dismiss to a motion for summary judgment. However, if the movant filed matters outside the pleadings in support of a motion to dismiss and the Court affirmatively exercises its discretion not

4

to exclude them, the motion is effectively converted to one for summary judgment at that time. *Id*. The Court did so here.

The Court's December 21, 2022 Order stated that the Court would treat the motion to dismiss as one for summary judgment under Rules 12(d) and 56 and granted Plaintiff an extension of time "to respond and present material pertinent to the motion." (*See* Order, Doc. No. 30). In ruling that the matters outside the pleadings would not be excluded, the Court effectively converted the motion to dismiss to a motion for summary judgment. Therefore, at the time Plaintiff filed the notice of dismissal, the motion was a motion for summary judgment, and dismissal under Rule 41(a)(1)(A)(i) was not permitted.

The Court notes that the circumstances in this case are distinguishable from those in *Aamot*. In *Aamot*, the plaintiffs filed a notice of voluntary dismissal before the court affirmatively decided to convert a pending motion to dismiss to a motion for summary judgment. *See Aamot*, 1 F.3d at 442. Under those circumstances, the court held that the notice was self-effectuating, and the court had no basis to prevent the dismissal. *Id*. at 445. But here, where the Court has exercised its discretion to convert the motion to one for summary judgment before the Plaintiff filed the notice of voluntary dismissal, the notice is ineffective.[3]

For these reasons, the Court's Order dismissing the case pursuant to Plaintiff's Notice of Voluntary Dismiss was in error and will be vacated. In light of this disposition, the Court need not consider Defendants' argument regarding the Tennessee Public Participation Act.

---

[3] Plaintiff has not asked the Court to construe the Notice of Voluntary Dismissal as a motion for voluntary dismissal under Rule 41(a)(2).

5

Case 3:22-cv-00646   Document 36   Filed 06/30/23   Page 5 of 6 PageID #: 256

## IV. CONCLUSION

For the reasons stated, Defendants' Motion to Vacate (Doc. No. 33) will be **GRANTED**.

An appropriate Order will enter.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

6

Case 3:22-cv-00646   Document 36   Filed 06/30/23   Page 6 of 6 PageID #: 257